UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Plaintiff,<br><br>v.<br><br>BE SMART, LLC<br><br>Defendant. | CIVIL NO. 23-1424 |

NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

**COMES NOW** the defendant, Be Smart, LLC (hereinafter referred to as "Be Smart"), through the undersigned counsel, and, very respectfully, states and prays as follows:

1. On July 25, 2023, Faustino Xavier Betancourt Colón ("Betancourt" or "plaintiff"), filed the above-captioned Complaint ("Complaint") before the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan ("Local Court"), Case No. SJ2023CV07105, against the appearing defendant requesting injunctive relief, attorney's fees, and costs pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq*. A true and exact copy of plaintiff's Complaint in Spanish is hereby attached as **Exhibit 1**.

2. On August 10, 2023, defendant was served with the corresponding summons and a copy of the Complaint. **See Exhibit 2**.

3. Pursuant to 28 U.S.C.A. § 1441(a), "[a]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division

embracing the place where such action is pending." To that effect, United States district courts have original jurisdiction over all civil cases that arise "under the Constitution, laws, or treaties of the United States", also referred to as subject-matter jurisdiction based on a "federal question". 28 U.S.C.A. § 1331.

4. A plaintiff properly invokes § 1331 jurisdiction if he or she presents a well-pleaded claim "arising under" the Federal Constitution or laws. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006); Bell v. Hood, 327 U.S. 678, 681-685 (1946). "For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question." Brough v. United Steelworkers of Am., AFL-CIO, 437 F.2d 748, 749 (1st Cir. 1971) quoting Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cnty., 366 U.S. 656, 663 (1961).

5. In the context of removal, Federal courts consider the state court complaint's contents as they existed at the time of removal. Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 17 (1st Cir. 2018). Claims filed under the ADA confer federal question subject-matter jurisdiction. United States v. Nobel Learning Communities, 329 F.R.D. 524, 527 (D.N.J, 2018).

6. To remove a civil case to a district court in a timely manner, defendant must file notice within thirty (30) days of the receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446 (b).

7. In the instant case, plaintiff filed his Complaint before the state court on July 25th, 2023 (**Exhibit 1**) and served defendant with the corresponding summons on August 10, 2023 (**Exhibit 2**).

8. The Complaint's well-pleaded allegations reveal that the asserted claims are exclusively made pursuant to Title III of the ADA's provisions. 42 U.S.C.A. § 12181, *et seq*. Thus, this Court's original subject-matter jurisdiction due to a federal question clearly arises from the Complaint's allegations.

9. Because the claims originally asserted before the state court arise from the ADA, and this Notice of Removal is timely filed, removal of this action is proper. Accordingly, Be Smart gives notice of the removal of this action.

10. On this date, Be Smart will file a motion in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, notifying the state court of the filing of this notice of removal.

**WHEREFORE**, Be Smart, LLC respectfully gives notice of the removal of this action, and requests that this cause of action proceed before this Court as an action properly removed.

**WE HEREBY CERTIFY**, that, on this date, a true and exact copy of this document was served via certified mail to plaintiff's counsel, José Carlos Vélez Colón, Esq., Vélez Law Group, LLC, 1969 S. Alafaya Trail #379, Orlando, FL 32828, and via email vlg@velezlawgroup.com; and that the same was filed in the First Instance Court, San Juan Part, Case No. SJ2023CV07105.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 24th day of August, 2023.

**s/Enrique R. Padró Rodríguez**
Enrique R. Padró Rodríguez
USDC-PR No. 219602

**s/María T. Aguilar Pérez**
María T. Aguilar Pérez
USDC-PR No. 300808

***SILVA-COFRESI, MANZANO & PADRÓ, LLC.***
P.O. Box 364187

San Juan, PR  00936-4187
Tel. (787) 945-0393
Fax: (787) 945-0383
epadro@scmplex.com
maguilar@scmplex.com